UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL E.,

                                      Plaintiff,

                                                                                             __DECISION AND ORDER__

                                                                                             21-CV-6151L

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                      Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On January 26, 2016, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since October 5, 2011. His applications were initially denied. Plaintiff requested a hearing, which was held on February 8, 2018 via videoconference before Administrative Law Judge Jo Ann Draper. (Administrative Transcript, Dkt. #11 at 729). An unfavorable decision resulted, which plaintiff appealed to the Appeals Council, and ultimately to this Court. By order dated April 27, 2020, plaintiff and the Social Security Administration stipulated to remand of the matter for further proceedings, and the matter was remanded by the Appeals Council to a new ALJ, on the grounds that the initial decision had not contained adequate evaluations of the opinions of treating psychiatrist Dr. Anasuya Raman with respect to plaintiff's mental RFC, and treating family

practitioner Dr. Coveney Fitzsimmons with respect to plaintiff's physical RFC. (Dkt. #11 at 815-16, 818-22).

Additional proceedings were undertaken on remand. On November 10, 2020, a video hearing was held before ALJ David Romeo (the "ALJ"), at which plaintiff and vocational expert James Cohen testified. On November 27, 2020, the ALJ issued a decision concluding that plaintiff was not disabled. (Dkt. #11 at 729-44). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #16), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is once again remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II. The ALJ's Decision

Here, the ALJ found that the plaintiff has the following severe impairments, not meeting or equaling a listed impairment: status-post fusion/surgical repair of left wrist; status-post ligament repair of right wrist; degenerative disease of the lumbar spine; and obesity. (Dkt. #11 at 732).

Because the record also reflected symptoms of, and later treatment for, depression and anxiety, the ALJ applied the special technique for mental health impairments. He determined that plaintiff is mildly limited in understanding, remembering, or applying information, mildly limited in interacting with others, mildly limited in concentration, persistence, and pace, and mildly limited in adapting or managing himself. The ALJ thus concluded that plaintiff's mental impairments were non-severe. (Dkt. #11 at 734-35).

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, with only occasional handling and fingering with the non-dominant left hand, and frequent handling and fingering with the dominant right upper extremity. Plaintiff can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He should never climb ropes, ladders, or scaffolds. He can tolerate frequent interaction with coworkers, supervisors, and the public, and occasional changes in the work setting. He can understand, remember and carry out simple instructions and make simple work-related decisions. (Dkt. #11 at 737).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, the vocational expert testified that such an individual would be unable to perform plaintiff's past relevant work as a farm laborer or tire changer. However, he could perform the representative light, unskilled positions of ticket taker and office helper. (Dkt. #11 at 742-43). The ALJ therefore found plaintiff not disabled.

### III.    Plaintiff's Exertional RFC

The ALJ's decision made detailed findings with respect to plaintiff's RFC, with some reference to plaintiff's medical records and findings upon examination. However, plaintiff argues

that the ALJ failed to properly evaluate the medical opinions of record, resulting in a determination that was not supported by substantial evidence, and was the product of legal error.

The Court agrees.

With respect to plaintiff's exertional RFC, the record contained opinions from two examining physicians: consulting internist Dr. Justine Magurno, and treating family care physician Dr. Coveney Fitzsimmons.

Plaintiff was examined by Dr. Magurno on April 5, 2016. (Dkt. #11 at 572-75). Dr. Magurno noted difficulty squatting, diminished range of motion in the lower back and left wrist, significant loss of strength in the left wrist, diminished grip in the left hand, and periodic limb tremors. She opined that plaintiff had "marked" limitations with respect to lifting, carrying, and squatting, moderate limitations with left-sided pushing, pulling, and bending, and mild limitations in sitting, standing, walking, and right-sided reaching. (Dkt. #11 at 575).

The ALJ gave Dr. Magurno's opinion "significant" weight, but rejected the lifting, carrying, pushing, pulling, squatting, and bending limitations she had indicated. As he explained, "[g]iven that [plaintiff] exhibited good strength in the upper extremities generally, despite his left wrist issues, it is not entirely clear that [plaintiff] is 'markedly' limited with lifting/carrying at least when he uses both hands," and "difficulties with standing, walking and sitting do appear only mild" because "in general, strength in the legs has been preserved with no evidence whatsoever of gait abnormalities." (Dkt. #11 at 739).

The ALJ's assumptions that upper extremity strength is all that is necessary for a significant range of lifting, carrying, pushing and pulling (despite objective evidence of, inter alia, significant wrist weakness and limb tremors), and that leg strength and normal gait foreclose a finding of moderate or marked limitations in standing, walking, sitting, squatting and bending (despite

4

objective findings of diminished range of spinal motion and difficulty squatting, and imaging studies showing spinal disc herniation, disc bulging, and foraminal narrowing, Dkt. #11 at 577), were a naked substitution of layperson opinion for competent medical evidence, and constitute reversible error. *See Bailey v. Commissioner*, 2020 U.S. Dist. LEXIS 128280 at *19 (W.D.N.Y. 2020) (an ALJ's use of lay judgment to formulate an RFC is reversible error).

On November 4, 2016, plaintiff's treating physician, Dr. Fitzsimmons, indicated that plaintiff was limited to sitting for no more than four hours per day, could rarely lift 10 pounds and never lift greater amounts, and could rarely twist at the waist. Further, plaintiff could use his left hand for fine manipulation for no more than 50% of the workday, and could use it to grasp, turn, or twist objects for no more than 20% of the day. (Dkt. #11 at 581). In a second rendered October 6, 2017, Dr. Fitzsimmons noted a history of low back pain, multiple left wrist surgeries associated with permanent limitations, and depression. Dr. Coveney assessed moderate limitations in walking, standing, sitting, pushing, pulling, bending, and climbing stairs, and noted that plaintiff was "very limited" in the ability to lift, carry, and otherwise use his hands. (Dkt. #11 at 608-10).

The ALJ gave Dr. Fitzsimmons's opinions "partial weight," concluding that lifting and carrying limitations were not supported by the record, because "given that the claimant has retained good strength globally in the arms," he "should be capable of the lifting requirements of light work." (Dkt. #11 at 741). In so doing, the ALJ ignored Dr. Fitzsimmons's stated basis for the lifting and carrying limitations she had described, which was to account for permanent, significantly "limited [range of motion]" in plaintiff's left wrist, which the ALJ elsewhere acknowledged was "immobile in some planes of movement." (Dkt. #11 at 738).

As with his assessment of Dr. Magurno's opinion, the ALJ's substitution of layperson conjecture for Dr. Fitzsimmons's well-supported medical opinions constitutes reversible error.

That error is compounded, to the extent that the ALJ engaged in no obvious application of the treating physician rule in assessing Dr. Fitzsimmons's opinions, which was the governing standard at the time plaintiff's application was filed, and furnishes an additional and independent basis for remand. *See Estrella v. Berryhill*, 925 F.3d 90, 95-96 (2d Cir. 2019).

Because I find that remand is required for the reconsideration of the record and the issuance of a new decision, I decline to reach plaintiff's alternative arguments.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's cross-motion (Dkt. #16) is denied.

The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded, once again, for further proceedings consistent with this Decision and Order. Upon remand, the ALJ is instructed to reconsider the record with due deference to all applicable standards governing the consideration of medical opinion evidence, to supplement the record as appropriate, and to issue a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 1, 2023.